IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIAM ROSADO-CANCEL, *et al.*

Defendant.

Crim. No. 13-0731(DRD)

## OPINION AND ORDER

Defendants were charged via indictment under the Federal Firearm Laws pursuant to 18 U.S.C §922(k), §922(o), §924(d)(1)and 28 U.S.C. §2461(c). See Indictment at Docket No. 13.[1] Pending before the Court is Defendants' "Motion in Limine and to Suppress" (Docket No. 49) requesting the exclusion of the firearms seized in the instant case on both evidentiary and constitutional grounds.

### I.BACKGROUND

On September 28, 2013, Puerto Rico Police Traffic Division officers were performing routine vehicle stops on Road #187 in Loiza, Puerto Rico when they observed Defendants' Juan Antonio Rosario- Cintron and William Rosado-Cancel's vehicle traveling

---

[1] It is illegal to transport, ship, or receive in interstate or foreign commerce, any firearm which has had its serial number removed or obliterated pursuant to18 U.S.C. 922(k);  Posession of a machinegun (a glock model converted to a machinegun) and forfeiture of weapons indicated in indictment under 28 U.S.C. §2461(c).

over the speed limit. The officers initiated pursuit and ordered the vehicle to stop, which it initially did. However, when a police officer attempted to approach the vehicle, Defendants fled. While fleeing from the police, Defendants allegedly threw two firearms out of the rear passenger's side window. The pursuit continued until the driver of the Toyota Yaris was forced to stop due to a traffic jam on Road #187. See Docket No. 1

According to the affidavit accompanying the government's complaint (Docket No. 1), the police officers subsequently retrieved two firearms *from the scene*: a Smith & Wesson ("S&W").45-caliber Model 4516-1 with an obliterated serial number and a Glock .357-caliber Model 31, serial number SEH847, with a silver modification converting the firearm into a machinegun.

On October 31, 2014, Defendant Juan Antonio Rosario Cintron filed a "Motion in Limine and to Supress" (Docket No. 49) requesting the Court to exclude the firearms seized in the instant case given that they cannot be adequately authenticated and, their admission would therefore constitute a violation to Defendants' Fourteenth Amendment rights. Defendant Rosario-Cintron bases his claims on two conflicting materials the government has provided regarding the location where the firearms were seized. First, the affidavit provided by the

2

government in their complaint (Docket No. 1) states that the pistols were thrown out of the vehicle during the pursuit and subsequently retrieved from this area near Road #187. Second, the government also provided a forensic report (Docket No. 62-1) which purports that the firearms were collected at another location: Calle 4 Parcela 99, San Isidro, Canovanas, Puerto Rico. Therefore, the materials the government has provided are conflicted in that they establish the pistols were seized on the same day, at different locations, more than four miles apart. Defendant William Rosado-Cancel joined said motion on December 10, 2014. See Docket No. 59.

On November 3, 2014 Defendants' "Motion in Limine and to Suppress" was referred to Magistrate Judge Bruce McGiverin for a Report and Recommendation. See Docket No. 51.

Subsequently, the Government issued their "Response to Defendant's Motion in Limine and to Suppress" (Docket No. 56) on November 28, 2014. They acknowledge that the forensic report lists the address of a murder scene as the address where the firearms were seized, although these were actually retrieved away from the murder scene as the Defendant allegedly threw them from a moving vehicle during a high speed chase with Puerto Rico police after fleeing from the scene. Regardless of these discrepancies, they stress that, during trial, the United States will lay the proper foundation for the admission of the firearms

3

as evidence in this case. Specifically, they plan to introduce a confession by Defendant Rosario-Cintron stating he was involved in the murder that took place at the address provided in the forensic report, testimony of the police officer that witnessed the firearm being thrown out of the vehicle Defendants were in, and scientific evidence that shows the firearms seized match the projectiles and shell casings found at the murder scene.

On December 4, 2014 Defendants issued their reply to the Governments response. <u>See</u> Docket No. 57.

Finally, on January 14, 2015, Magistrate Judge Bruce McGiverin issued his Report and Recommendation (Docket No. 64) recommending the Court deny Defendants' "Motion in Limine and to Suppress" and therefore admit the firearms seized pursuant to Federal Rules of Evidence 901(a) and 104(b), subject to the introduction at trial of the evidence already proffered by the government and evidence of the chain of custody for the guns.

To date, neither Petitioner nor Respondent has filed an opposition to the Report and Recommendation.

## II. REFERRAL TO THE MAGISTRATE JUDGE

The Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). <u>See</u> FED. R. CIV. P. 72(b); <u>see also</u> Local Rule 72(a); <u>Matthews v. Weber</u>, 423 U.S. 261, 96 S.Ct. 549 (1976). An adversely affected party may contest the

4

Magistrate's Report and Recommendation by filing its objections. FED. R. CIV. P. 72(b).   Moreover, 28 U.S.C. §636(b)(1), in pertinent part, provides that

> any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

"Absent objection, . . . [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985), cert denied, 474 U.S. 1021 (1985). Additionally, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); see Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in a magistrate's recommendation, as well as the magistrate's failure to make additional findings); see also Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993)(stating that "[o]bjection to a magistrate's report preserves only those

5

objections that are specified"); <u>Borden v. Sec. of H.H.S.</u>, 836 F.2d 4, 6 (1st Cir. 1987)(holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised").

The Court, in order to accept unopposed portions of the Magistrate Judge's Report and Recommendation, need only satisfy itself that there is no "plain error" on the face of the record. See <u>Douglass v. United Servs. Auto, Ass'n</u>, 79 F.3d 1415, 1419 (5th Cir. 1996)(en banc)(extending the deferential "plain error" standard of review to the un-objected to legal conclusions of a magistrate judge); <u>see also Nettles v. Wainwright</u>, 677 F.2d 404, 410 (5th Cir. 1982)(en banc)(appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error"); <u>see also Nogueras-Cartagena v. United States</u>, 172 F.Supp. 2d 296, 305 (D.P.R. 2001)(finding that the "Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); <u>see also Garcia v. I.N.S.</u>, 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)(finding that "when no objections are filed, the district court need only review the record for plain error").

In the instant case, the Magistrate Judge's Report and Recommendation stands unopposed. Given that no objections were

filed in opposition to Magistrate McGiverin's findings, the Court need only satisfy itself that the record is absent of plain error.

After a careful analysis, the Court finds the Report and Recommendation complete and thorough, and consequently agrees with the Magistrate Judge's conclusions. Therefore, the Court hereby **ACCEPTS, ADOPTS AND INCORPORATES** by reference the Magistrate Judge's findings to the instant Opinion and Order, noting particularly that they remain unchallenged. The Court briefly explains.

### III. ANALYSIS

*Authentication*

First, the Magistrate Judge concludes that, despite the conflicting evidence as to where the guns were seized, a finding of authenticity is possible and therefore, the firearms should be admitted pursuant to Federal Rule of Evidence 104(b) & 901(a). Authentication is a requirement prior to admissibility. United States v. Luna, 649 F.3d 91, 103 (1st Cir. 2011); United States v. Barrow, 448 F.3d 37, 42 (1st Cir. 2006). In order to satisfy the requirement for authentication, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. "This requirement of showing authenticity or identity falls in the category of relevancy dependent upon fulfillment of a condition

7

of fact and is governed by the procedure set forth in Rule 104(b)." Fed. R. Evid. 901, Advisory Committee's Note. Rule 104(b) establishes that "when the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later." Fed. R. Evid. 104(b). In Huddleston v. United States, the Supreme Court set forth the process by which the trial court shall make this decision:

> In determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact ... by a preponderance of the evidence.

Huddleston v. United States, 485 U.S. 681, 690(1988).

Furthermore, in conducting an inquiry under Rule 901, the standard for authentication is one of reasonable likelihood. United States v. Savarese, 686 F.3d 1, 11 (1st Cir. 2012); United States v. Holmquist, 36 F.3d 154, 168 (1st Cir. 1994); United States v. Collado, 957 F.2d 38, 39 (1st Cir. 1992). Therefore, "the burden of authentication does not require the proponent of the evidence to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." United States v.

8

_Espinal-Almeida_, 699 F.3d 588, 609 (1st Cir. 2012); _United States v. Hernandez Garcia_, 215 F.3d 1312 (1st Cir. 2000). Accordingly, "if the court discerns enough support in the record to warrant a reasonable person in determining that the evidence is what it purports to be, then Rule 901(a) is satisfied and the weight to be given to the evidence is left to the jury." _Holmquist_, 36 F.3d at 167; See also _United States v. Garcia_, 452 F.3d 36, 40 (1st Cir. 2006); _United States v. Alicea-Cardoza_, 132 F.3d 1, 4 (1st Cir. 1997).

Moreover, there is no single or exclusive manner to authenticate evidence, as a specific piece of evidence "is properly admitted if it is readily identifiable by a unique feature or other identifying mark. _United States v. Luna_, 649 F.3d 91, 103 (1st Cir.2011); Garcia, 452 F.3d at 40. Federal Rule of Evidence 901(b) provides illustrative authentication techniques, which include the testimony of a witness with knowledge that the evidence is what it is claimed to be, and distinctive characteristics, such as appearance and contents. _Collado_, 957 F.2d at 39. Nevertheless, if these methods are insufficient, "or if the evidence is susceptible to alteration, a testimonial tracing of the chain of custody is needed." _Espinal-Almeida_, 699 F.3d 588 at 609 (1st Cir. 2012); _Luna_, 649 F.3d 91 at 103 (1st Cir. 2011). "The purpose of testimonial tracing is to render it improbable that the original item either

9

has been exchanged with another or has been tampered with or contaminated." United States v. Abreu, 952 F.2d 1458, 1467 (1st Cir. 1992). Moreover, "even though there may be gaps in the chain of custody for a certain piece of evidence, such gaps factor into the weight given to the evidence rather than its admissibility." Id. If this is the case, a defendant may attempt to cast doubt on an exhibit's authenticity, since "such an issue (. . .) is to be resolved by the jury, and not the judge." United States v. Scharon, 187 F.3d 17, 22 (1st Cir. 1999).

Magistrate McGiverin states that in the instant case the government will presumably seek to introduce two firearms at trial, claiming these are the very same pistols allegedly discarded by the Defendants during the pursuit with the Puerto Rico police. The relevance of these firearms depends on whether they are in fact the same pistols discarded along Road #187. Consequently, given the nature of the charged offenses, the government will have to establish an adequate chain of custody in order for the guns to be authenticated. Nevertheless, the chain of custody need not be perfect or mapped in perfect detail given that the jury is the ultimate arbitrator of authenticity. Therefore, the discrepancies as to the location where the firearms were seized are not an issue as to conditional admissibility given that the government has established they are prepared to provide other evidence in order to lay the proper

10

foundation for admission. <u>See</u> Docket No. 56. Hence, we concur with Magistrate McGiverin's reasoning that "if met with competent contradictory evidence, and explained as an error, the forensic report would not bar a finding of authenticity". <u>See</u> Docket No. 64. Accordingly, Defendants' Motion to Suppress pursuant to Federal Rules of Evidence 901(a) & 104(b) is hereby **DENIED.**

### *Due Process*

The constitution "protects a defendant against a conviction based on evidence of questionable reliability, not by prohibiting introduction of the evidence, but by affording the defendant the means to persuade the jury that the evidence should be discounted as unworthy of credit." <u>Perry v. New Hampshire</u>, 132 S. Ct. 716, 723 (2012). Apart from constitutional guarantees, "state and federal statutes and rules ordinarily govern the admissibility of evidence, and juries are assigned the task of determining the reliability of the evidence presented at trial. <u>Id.</u> Due process of law "requires only that criminal trials be fundamentally fair". <u>Duncan v. State of La.</u>, 391 U.S. 145, 186-87(1968). "Only when evidence is so extremely unfair that its admission violates fundamental conceptions of justice, has the court imposed a constraint tied to the due process clause." <u>Perry</u>, 132 S. Ct. at 723. The Supreme Court has stated that "the due process clause has limited operation and

therefore the infractions that violate fundamental fairness have been construed very narrowly." <u>Dowling v. United States</u>, 493 U.S. 342, 352-53(1990). Hence, judges are to "determine only whether the action complained of violates those fundamental conceptions of justice which lie at the base of civil and political institutions, and which define the community's sense of fair play and decency." <u>Id.</u>

In the instant matter, Defendants claim that the evidence connecting them to the firearms is so inconsistent that their admission would constitute a violation to their Fourteenth Amendment rights. Nevertheless, as previously stated, the introduction of evidence very rarely implicates the Due Process Clause. Moreover, Federal Rules of Evidence regulate and provide adequate protections as to the admission of the evidence in question. Accordingly, the authentication and admissibility of the evidence at issue only requires a standard of "reasonableness," leaving to the jury the matter of what weight the evidence shall be given. The United States claims to possess evidence leading to "reasonableness" in that they have evidence matching the projectiles and shells recuperated from the scene of the accident to the weapons later found, as well as a confession by Defendant Rosario Cintron. Therefore, Defendants' due process claims should be denied as the

conditional admission of the firearms does not constitute a violation to fundamental conceptions of justice.

### IV.   CONCLUSION

In view of the above, the Court determines that Magistrate Judge McGiverin's Report and Recommendation (Docket No. 64) contains an apt analysis, devoid of plain error, and sufficiently supported by the record. Consequently, the Court **ACCEPTS, ADOPTS** and **INCORPORATES** by reference the Magistrate's Report and Recommendation to the instant Opinion and Order and **DENIES** Petitioner's Motion in Limine and to Suppress.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of May, 2015.

/s/ DANIEL R. DOMINGUEZ

DANIEL R. DOMINGUEZ

U.S. District Judge