UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br> [1] WILLIAM ROSADO-CANCEL,<br><br>        Defendant. | CRIMINAL No. 13-731 (DRD) |

REPORT AND RECOMMENDATION

I.   PROCEDURAL BACKGROUND

On September 30, 2013, the United States of America ("the government") filed a criminal complaint against William Rosado-Cancel ("defendant"), charging him with possessing a firearm with an obliterated serial number on September 28, 2013, in Loíza, Puerto Rico, in violation of 18 U.S.C. §§ 922 (k). On October 9, 2013, a federal grand jury returned a two count indictment against the defendant, charging him with possessing a machine gun and possessing a firearm with an obliterated serial number on or about September 28, 2013, in violation of 18 U.S.C. §§ 922 (o) and (k), respectively. ECF No. 13. On October 11, 2013, the defendant entered a plea of not guilty as to all counts. ECF No. 15.

While the federal charges in the case at bar were still pending, the Commonwealth of Puerto Rico charged defendant with unlawful possession of a firearm with an obliterated serial number and unlawful possession of an automatic weapon under articles 5.10 and 5.07 of Puerto Rico Weapons Law 404, respectively.[1] See ECF No. 147 at ¶ 37; ECF No. 168 at pg. 2 ¶ 8 and

---

[1] The Commonwealth also charged defendant with four other violations which do not concern this case. ECF No. 147 at ¶ 37. The court largely relies on the defendant's motion to dismiss (ECF No. 168) for the state procedural history. The court assumes *arguendo*, only for purposes of addressing the pending motion to dismiss, that defendant's proffered state procedural history is accurate.

pg. 3 ¶ 11. According to the defendant, the alleged conduct that prompted the filing of these charges is the same alluded to in the federal indictment. ECF No. 168 at pg. 14. The defendant has not produced certified translations of the charging documents at the state level in order to place the court in an adequate position to evaluate whether the essence of the machine gun and obliterated serial number charges was the same at the federal and state level. Nonetheless, for purposes of this report, the court will take as a given the defendant's contention, namely that indeed they are the same.

The state court subsequently held a preliminary hearing under Rule 23 of the Puerto Rico Rules of Criminal Procedure (34 L.P.R.A. Ap. II R. 23) ("Rule 23") to determine if there is probable cause for trial. The court found no probable cause. The Commonwealth then submitted the case again before a different judicial officer of a higher rank at the Court of First Instance in a new preliminary hearing. Again, no probable cause was found. The second finding of no probable cause terminated the state case against the defendant. ECF No. 147 at ¶ 37; ECF No. 168 at pg. 4 ¶ 13.

Following the disposition of his state case, (ECF No. 109), the defendant plead guilty on June 16, 2016, as to counts one and two of the federal indictment. ECF Nos. 126, 137, 142. Despite his plea, on October 27, 2016, the defendant filed a motion to dismiss the federal indictment on double jeopardy grounds, which is the matter pending before the court. ECF No. 168.

## II.   DISCUSSION

The Fifth Amendment's Double Jeopardy Clause mandates that no person "shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. In general, the clause protects a defendant from multiple prosecutions for the same offense.

Notwithstanding this protection, "a single act gives rise to distinct offenses—and thus may subject a person to successive prosecutions—if it violates the laws of separate sovereigns." Puerto Rico v. Sánchez Valle, 136 S. Ct. 1863, 1867 (2016).

### A. Whether the United States and Puerto Rico Constitute "Separate Sovereigns" under the Double Jeopardy clause

The United States Supreme Court recently held that the United States and Puerto Rico constitute the same sovereign for purposes of the Double Jeopardy clause. Id. at 1876. The court's test for separate sovereigns did not focus on the usual aspects of sovereignty, but rather examined whether two governments' powers to prosecute flow from the same ultimate source. Id. at 1870-71. Although Puerto Rico's power to prosecute flows from its Constitution, that Constitution was authorized and approved by the United States Congress. Accordingly, the Supreme Court held that the United States and Puerto Rico may not twice put a defendant in jeopardy for the same offense. Id. at 1876-77.

In his motion to dismiss, defendant argues that the second state court finding of no probable cause is the functional equivalent of an acquittal; therefore his federal prosecution for the same conduct placed him in double jeopardy. ECF No. 168 at pgs. 14-15.

### B. Whether the Defendant was Placed in Jeopardy

Typically, double jeopardy analysis splinters into three questions: "(1) whether jeopardy ever attached; (2) whether the first proceeding was a decision on the merits; and (3) whether the subsequent proceeding involves the "same offense."" United States v. Szpyt, 785 F.3d 31, 36 (1st Cir. 2015). If the answer to each of these questions is "yes," the Double Jeopardy Clause bars any subsequent prosecutions.

The analysis in this case begins and ends with the first question—whether jeopardy ever attached, or, in other words, whether the defendant was placed in jeopardy. An accused must first

"suffer jeopardy before he can suffer double jeopardy." Serfass v. United States, 420 U.S. 377, 393 (1975). The principal question in this case is whether the defendant's Rule 23 preliminary hearings placed him in jeopardy under the Double Jeopardy Clause of the Fifth Amendment.

Rule 23 of the Puerto Rico Rules of Criminal Procedure provides that a magistrate shall hear evidence to determine if there is probable cause that the accused committed a crime. 34 L.P.R.A. Ap. II R. 23. If the magistrate finds probable cause, the magistrate holds the defendant to answer for the crime in the Court of First Instance. Id. At no point in the Rule 23 hearing does the magistrate have jurisdiction to find the defendant guilty. Id. If the magistrate finds there is no probable cause, the government may seek a further probable cause hearing. A judge's decision as to probable cause in the second hearing is final. Pueblo v. Cruz Justiniano, No. O-83-838, 1984 WL 270870 (P.R. Dec. 20, 1984).

Defendant contends that jeopardy attached after the second Rule 23 hearing because a second finding of no probable cause is the functional equivalent of an acquittal, effectively barring further Commonwealth prosecution. This statutory bar against any further preliminary hearings, however, does not implicate the Double Jeopardy Clause.

The United States Supreme Court has adhered to the rule that "jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge." Serfass v. United States, 420 U.S. 377, 388 (1975). In a jury trial, jeopardy attaches when the jury is empaneled and sworn. Id. In a nonjury trial, jeopardy attaches when the court begins hearing evidence. Id. Notwithstanding this rule, defendant contends that nothing in the jurisprudence prevents jeopardy from attaching earlier.

In <u>Serfass v. United States</u>, the Supreme Court considered whether jeopardy could attach prior to trial. There, petitioner had filed a motion to dismiss his indictment prior to the beginning of jury trial. After the district court granted petitioner's motion to dismiss, the government appealed. The petitioner responded that the Double Jeopardy Clause barred further prosecution because—similar to defendant's argument in the instant case—dismissal of the indictment was the functional equivalent of an acquittal on the merits. <u>Id</u>. at 390.

The Supreme Court rejected petitioner's argument, holding that petitioner had not been placed in jeopardy under the meaning of the Fifth Amendment because he had not been placed before a trier of fact capable of deciding guilt or innocence. In deciding a motion to dismiss at the pretrial level, a judge has not the authority to adjudicate guilt. The Supreme Court explained that the prohibition against double jeopardy "was designed to protect against the hazard of trial and possible conviction more than once for an alleged offense," and "without the risk of determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." <u>Id.</u> at 391–92 (internal citations and quotations omitted).

Whether or not defendant's Rule 23 proceedings were the functional equivalent of an acquittal on the merits is beside the point. As the Supreme Court explained in Serfass, the word "acquittal" has no talismanic quality for the purposes of the Double Jeopardy Clause. <u>Id</u> at 92. "In particular, it has no significance in this context unless jeopardy has attached and an accused has been subject to the risk of conviction." <u>Id</u>.

Thus, a preliminary hearing at which there is no possibility of an adjudication of the defendant's guilt cannot trigger jeopardy. In this case, as in <u>Serfass</u>, the defendant has not been placed before a trier of fact having jurisdiction to try the question of guilt or innocence. In his brief, defendant concedes that at no point in a Rule 23 hearing can the judge adjudicate guilt.

ECF No. 168 at pg. 12 ¶ 39. The Supreme Court of Puerto Rico stated that the Rule 23 hearing "is geared to protect the defendant by a judicial screen through which the State must present evidence and prove whether or not it is justified to intervene with a citizen's freedom and subject him to the strictness and contingencies of a full trial . . . " Pueblo v. Rodríguez Aponte, No. O-84-833, 1985 WL 301898 (P.R. Nov. 14, 1985). The hearing is not a "mini-trial." Id. Accordingly, the defendant cannot be said to have been placed in jeopardy under the meaning of the Double Jeopardy Clause. Without first suffering jeopardy, the defendant cannot suffer double jeopardy.

### III. CONCLUSION

For the foregoing reasons, it is hereby recommended that the pending motion to dismiss the indictment (ECF No. 168) be DENIED. The parties have fourteen (14) days to file any objections to this report and recommendation. Failure to object within the specified time waives the right to appeal this report and recommendation. Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(c)(1)(B); D.P.R. Civ. R. 72(d); see also 28 U.S.C. § 636(b)(1); Henley Drilling Co. v. McGee, 36 F.3d 143, 150–51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

IT IS SO RECOMMENDED.

In San Juan, Puerto Rico, this 7th day of November, 2016.

s/Marcos E. López<br>
U.S. Magistrate Judge